UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CV 12 - 3351
------------------------------------------------------------X
MAKEDA WRIGHT,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, AND "JOHN DOES 1-8"
FICTITIOUS NAMES INTENDED TO BE POLICE
OFFICERS, EMPLOYEES OF THE NEW YORK
CITY POLICE DEPARTMENT EACH
INDIVIDUALLY AND AS POLICE OFFICERS
OF THE NEW YORK CITY POLICE
DEPARTMENT,

                      Defendants.
------------------------------------------------------------X

Index No.:

COMPLAINT AND
JURY DEMAND

GARAUFIS, J.
MANN. M.J.

SUMMONS ISSUED

       Plaintiff, MAKEDA WRIGHT by and through her attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION

       1.      This is an action for the wrongful acts of defendants THE CITY OF NEW YORK, THE NEW YORK CITY POICE DEPARTMENT, AND POLICE OFFICER "JOHN DOES 1-8" FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS, EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT EACH INDIVIDUALLY AND AS POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

       2.      Plaintiff, MAKEDA WRIGHT, alleges that beginning on or about April 18, 2011 at approximately 7:15 A.M., defendants committed wrongful and illegal acts against Plaintiff, including wrongfully and with the use of excessive force entered Plaintiffs home, wrongfully

entered the Plaintiff's home without probable clause, wrongfully refused to show Plaintiff a warrant, wrongfully assaulted the Plaintiff, falsely arrested Plaintiff, wrongfully imprisoned Plaintiff, intentionally and/or negligently inflicted severe mental pain and anguish on Plaintiff, negligence in the hiring and retaining of incompetent and unfit Officers, Detectives and Employees, negligence in the training and instruction, and supervision of its Officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C Section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C Section 1331 and 1343, this being an action seeking to redress for the violation of the Plaintiffs Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all time relevant hereto, Plaintiff MAKEDA WRIGHT, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, "JOHN DOES 1-8", FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, were at all times relevant to this action, police officers employed by the new York City Police Department, and acting under the color of state law. Upon information and belief, "JOHN DOES 1-8", FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT were assigned to the 79th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. They are being sued in both their individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

11. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants "JOHN DOES 1-8", FICTITIOUS NAMES INTENDED TO BE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, the unknown police officers whose identity Plaintiff intends to discover.

12. At all times relevant hereto, the Defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

13. At all times mentioned herein, the Defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, assault and batter, intentional and/or negligent infliction of emotional distress of Plaintiff MAKEDA WRIGHT.

14. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of Plaintiff MAKEDA WRIGHT.

## CONDITIONS PRECEDENT

15. On or about May 12, 2011, Plaintiff, MAKEDA WRIGHT'S Notice of Claim was duly filed with the Comptroller's Officer of the City of New York; said Notice was filed within (90) days after the causes of the action accrued. More than (30) days have elapsed since the filing of said Notice and this matter has not been settled or otherwise disposed of.

16. The Plaintiff MAKEDA WRIGHT and/or her attorney was served with a Notice for a 50-H hearing on June 22, 2011.

17. On or about June 29, 2011, a 50-H hearing in the matter of the Claim of MAKEDA WRIGHT against THE CITY OF NEW YORK AND THE NEW YORK POLICE DEPARTMENT was held at the office of Billig Law, P.C., 80 Broad Street, New York, New York.

18. Plaintiff, MAKEDA WRIGHT has duly complied with all of the conditions precedent to the commencement of this cause of action under the circumstances as set forth above

## FACTUAL BACKGROUND

19. At all times relevant to this action, Plaintiff MAKEDA WRIGHT resided at 433 Lafayette Avenue, apartment 10-D, Brooklyn New York 11238.

20. On or about April 18, 2011 at approximately 7:15 a.m., Plaintiff MAKEDA WRIGHT was awoken by what she believed to the sound of a drill at 433 Lafayette Avenue - Apt 10D, Brooklyn, New York.

21. On April 18, 2011, at approximately 7:15 a.m., Officers of the New York City Police Department were drilling the outer lock to the front door of 433 Lafayette Avenue, apartment 10-D, Brooklyn New York 11238 and then entered the residence.

22. Thereafter, in response to hearing the presence of police in her home, Plaintiff MAKEDA WRIGHT awoke her paramour, Charles Hartsfield, to alert him of the presence of what she believed to be police in her home.

23. Before having the opportunity to move, Plaintiff, MAKEDA WRIGHT, was ordered by Defendant, Police Officer "JOHN DOES 1-8" to "freeze."

25. Upon entering Plaintiff, MAKEDA WRIGHT's bedroom, Defendant, one of Police Officer's "JOHN DOES 1-8", informed Plaintiff that they were the police and that they possessed a warrant to enter and search the residence.

26. Upon multiple requests by the plaintiff to be shown a copy of the warrant, one of defendant "JOHN DOES 1-8" responded by ordering the Plaintiff to "shut up."

27. Thereafter, one of "JOHN DOES 1-8", while wearing his shoes and with his gun exposed in his hand, stepped onto Plaintiff, MAKEDA WRIGHT's bed.

28. Upon stepping on the bed, said "JOHN DOES 1-8" stepped on and severely injured Plaintiff, MAKEDA WRIGHT's ring finger on her right hand.

29. Thereafter, Police Officer "JOHN DOES 1-8", ignored Plaintiff, MAKEDA WRIGHT's request to seek medical attention for her injured finger, and proceeded to handcuff the plaintiff and her paramour.

30. At the time that she was handcuffed Plaintiff, MAKEDA WRIGHT, was wearing nothing but her bra and underwear.

31. Thereafter, Plaintiff MAKEDA WRIGHT was told by one of the defendant Police Officer's "JOHN DOES 1-8", that she was just being handcuffed while they searched her home and that the handcuffs would be removed upon conclusion of the search.

32. That defendant Police Officer's "JOHN DOES 1-8" refused the Plaintiff's multiple requests to be clothed during the search.

33. Upon information and belief, Plaintiff, Plaintiff MAKEDA WRIGHT was left handcuffed in her bedroom for approximately twenty minutes before a female officer arrived and permitted her to put on clothing.

34. Thereafter, upon getting dressed, and being handcuffed yet again by the female officer, Plaintiff MAKEDA WRIGHT and her boyfriend were transported by a certain individual "JOHN DOES 1-8" to the 79th precinct.

35. Thereafter, Plaintiff MAKEDA WRIGHT was placed in a holding cell at the 79th precinct.

36. Upon information and belief, Plaintiff's home was searched in her absence by Defendant "JOHN DOES 1-8," while she was being held in a cell at the 79th precinct.

38. Upon information and belief, after approximately two and a half hours after Plaintiff was placed in the holding cell, a certain individual "JOHN DOES 1-8," advised Plaintiff that she was being released.

39. Upon release, no explanation was given or offered to Plaintiff in regards to her arrest or release.

40. As a direct and proximate result of the actions of the defendant's NEW YORK POLICE DEPARTMENT, Police Officers "JOHN DOES 1-8," Plaintiff MAKEDA WRIGHT was assaulted and battered.

41. As a direct and proximate result of the actions of the police officer defendants, Plaintiff MAKEDA WRIGHT was falsely arrested.

42. To date, as a direct result and proximate result of all of the defendants actions, Plaintiff, MAKEDA WRIGHT has suffered the loss of her liberty, and continues to suffer physical and emotional pain, permanent damage to her good name, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other psychological injuries.

43. As a direct and proximate result of defendant's actions, Plaintiff MAKEDA WRIGHT was detained for a time amounting to a period lasting approximately five hours.

44. As a direct and proximate cause of defendant's actions, Plaintiff MAKEDA WRIGHT, was deprived of her rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

45. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

46. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of the persons within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

47. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased police officers from their duties.

48. Defendant CITY OF NEW YORK, and the New York City Police Department, knew or should have known that prior to April 18, 2011, the perpetration of unlawful arrests, the use of excessive force, the commission of perjury and other malicious, violent and inappropriate unlawful acts by defendant officers were occurring, in that it believed that there may have been complaints of such unlawful conduct by these particular officers, but defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
THE EXCESSIVE USE OF FORCE
(Defendant "JOHN DOES 1-8")

49. Plaintiff repeats and reallege the allegations contained in paragraphs 1-48 of this complaint, as though fully set forth therein.

50. On April 18, 2011 at approximately 7:15 a.m., at 433 Lafayette Avenue - Apt. 10D, Brooklyn, New York the defendants "JOHN DOES 1-10" without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force and affected the arrest of Plaintiff MAKEDA WRIGHT such that Plaintiff MAKEDA WRIGHT was injured.

51. That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of Plaintiff MAKEDA WRIGHT, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

52. By reason of the aforesaid, Plaintiff MAKEDA WRIGHT has suffered physical injury that caused pain so severe so as to require her to seek medical attention to manage the pain of the ring finger of her right hand from the Woodhull Medical and Mental Health Center located in Brooklyn, New York

53. By reason of the aforesaid, Plaintiff MAKEDA WRIGHT has suffered great psychological damage and pain, intimidation and fear, and conscious suffering, and was otherwise damaged.

54. The acts and conduct of defendants "JOHN DOES 1-8", as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

## SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
(Defendant "JOHN DOES 1-8")

55. Plaintiff repeats and reallege the allegations contained in paragraphs 1-54 of this complaint as though fully set forth therein.

56. The actions of defendant "JOHN DOES 1-8", a member of the New York City Police Department, and under the color of state law, deprived Plaintiff MAKEDA WRIGHT of her rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular her right to liberty, to be secure in her person and property, to due process under the law, and the concomitant right to be free from false arrest, false imprisonment, and the intentional and/or negligent infliction of emotional distress.

57. By these actions, the individual defendant has deprived Plaintiff MAKEDA WRIGHT of her rights secured by the Fourth and Fourteenth Amendments to the Unites States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

58. As a result of the foregoing, Plaintiff MAKEDA WRIGHT was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

59. Plaintiff repeats and reallege the allegations contained in paragraphs 1-xx of this complaint as though fully set forth therein.

60. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

61. These policies, practices and customs include, inter alia, wrongfully and with the use of excessive force in entering the Plaintiff's home and wrongfully and with the use of excessive force in effecting the arrest of Plaintiff.

62. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the Plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of Plaintiff MAKEDA WRIGHT, that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause her injury and violate her constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

63. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of detective, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of

supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

64. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the Plaintiff herein.

65. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-64 deprived Plaintiff MAKEDA WRIGHT of her rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in her person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and the intentional and/or negligent infliction of emotional distress.

66. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-65 deprived Plaintiff MAKEDA WRIGHT of her rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from the excessive use of physical force to enter her home, and the intentional and/or negligent infliction of emotional distress.

67. By these actions, defendant CITY OF NEW YORK has deprived Plaintiff MAKEDA WRIGHT of her rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

68. As a result of the foregoing, the Plaintiff has sustained great emotional injuries, has been subjected to extreme humiliation, and was otherwise harmed, damaged and injured.

### FOURTH: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

69. Plaintiff repeats and reallege the allegations contained in paragraphs 1-68 of this complaint and though fully set forth therein.

70. Defendants CITY OF NEW YORK, and "JOHN DOES 1-8", under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate Plaintiff MAKEDA WRIGHT, denying her the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to her by the Constitution, including the rights to be free from excessive force.

### FIFTH CLAIM: NEGLIGENCE UNDER THE LAWS OF THE STATE OF NEW YORK
(All Defendants)

71. Plaintiff repeats and reallege the allegations contained in paragraphs 1-70 of this complaint as though fully set forth herein.

72. The injuries incurred by Plaintiff MAKEDA WRIGHT was due to the negligence of the defendants "JOHN DOES 1-8" and the City of New York.

73. As a result of the foregoing, the Plaintiff has sustained great emotional injuries, and was subjected to extreme humiliation, and was otherwise harmed, damaged and injured.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAKEDA WRIGHT requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
July 5, 2012

ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorneys for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100